UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN SHORT,

    Plaintiff,

v.                                      CASE: 8:06-CV-1712-T-30TGW

UNITED STATES ARMY, et. al,

    Defendants,

                                     :

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the plaintiff's motion for leave to proceed in forma pauperis (Doc. 2). Because the plaintiff's complaint is frivolous, and also because the complaint fails to state claims over which this court has jurisdiction and upon which relief can be granted, I recommend that the motion be denied and that the plaintiff's complaint be dismissed.

I.

The plaintiff has filed a forty-two page complaint against Honey Baked Ham, America Online, the United States, and the United States Army. The complaint does not set forth separate counts against each of the four defendants.

The plaintiff first contends that defendant Honey Baked Ham took the plaintiff's idea and invention of honey-baked and honey-glazed turkeys, and other assorted flavored turkeys, and used it without compensation (Doc. 1-1, pp. 3-4). The plaintiff also alleges that, in his senior year of high school, he introduced, via a letter to defendant America Online ("AOL"), the idea of a world-wide web of web pages connected by an internet of computers (id. at pp. 11-12). The plaintiff claims that AOL and the United States then conspired to hide the origins of the internet by making it seem as if the concept had originated with scientists from other countries, rather than with the plaintiff (id. at p. 12).

The plaintiff also makes allegations against the United States Army. It appears the plaintiff entered the Army in February 1992 and was released from duty in March 1992 with a general discharge (id. at pp. 6-7). The plaintiff claims multiple injuries from incidents that occurred during this short time with the Army. These incidents include not being assigned the job he was promised (id. at p. 7), not being placed in the same unit as his best friend (id. at p. 8), being singled out for discipline (id. at p. 18), and being exposed to potentially lethal CS gas "or some slow acting untraceable brain, lung or heart disease or cancer" after his discharge papers were signed (id. at

p. 25). In addition to the above, the plaintiff also alleges that a high-ranking military officer offered to make the plaintiff's life easier if the plaintiff would sleep with the officer's son (id. at p. 13).

Finally, the plaintiff seems to allege that all the above complaints are part of a single larger conspiracy that has been implemented by all the defendants to harm and intimidate him (id. at pp. 6, 23-24). He alleges that he pieced everything together when he started writing the complaint against Honey Baked Ham (id. at p. 24).

The plaintiff claims he has suffered the following specific damage due to the alleged conduct: blurred vision, weight gain, frequent vomiting, bipolar disorder, gnashing of teeth, shock, fright, frequent mental strain, and social anxiety. The plaintiff also makes more general assertions regarding loss of enjoyment of life and loss of income  (id. at pp. 10, 26-28, 37).

The relief requested by the plaintiff is "$100,000,000 million" from Honey Baked Ham, along with a declaration that the invention of honey-baked turkeys was his idea. He seeks compensatory damages and punitive damages from the United States Army in the amounts of "$30,000,000,000 billion" and "$50,000,000,000." He also demands compensatory and punitive

damages from the United States in the amounts of "$100,000,000,000 million" and "$500,000,000,000 million." The plaintiff further seeks "$10,000,000,000 billion" from AOL, and a declaratory judgment that he "be granted a 20[-]year patent over the entire Internet/World Wide Web" and that the United States be made to pay the plaintiff "$2,000,000,000,000 trillion dollars" for use of it (id. at pp. 39-42).

In addition to the above monetary awards, the plaintiff also requests a declaration that no government agency or officer be able to infringe on the plaintiff's rights without first petitioning the Supreme Court of the United States (id.). He asks further that the United States Army be required to cease demanding that waiver-of-suit forms be signed, and that a hotline be setup to assist people who have complaints against the Army (id.). In addition, the plaintiff requests a declaratory judgment that would prohibit the plaintiff from ever being confined to a mental institution or hospital (id.).

II.

Under 28 U.S.C. 1915(a)(1), the court can allow the commencement of an action without the prepayment of costs, fees, or security upon a finding of indigency. However, the court must dismiss the case if it finds that the action is frivolous or malicious, if it fails to state a claim upon

which relief can be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2). Here, the plaintiff's claims fit into each of the categories for which §1915(e)(2) provides a reason to dismiss.

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Martinez v. U.S., 2006 WL 2257857, at *1 (11th Cir. 2006). Claims that describe "fantastic or delusional scenarios" may also be considered frivolous. Id.

The complaint as a whole is clearly delusional. Notably, the plaintiff acknowledges that he suffers from mental disorders and was recently released from a mental hospital (Doc. 1-1, p. 37). The complaint, accordingly, reflects the plaintiff's delusions.

This is most starkly reflected in the plaintiff's assertion that he conceived of the internet about sixteen years ago during his senior year in high school (id. at p. 11).* He goes on to assert, with respect to the letter he sent to AOL about his invention of the world-wide web, that the school bully, who wanted to get the letter, threatened him by claiming to have a gun and then

---

*This allegation makes me wonder what business the plaintiff thought AOL was in before it stole his idea of the internet.

taking a girl hostage, all of which was observed by the police, who ended the matter by firing a shot and saying "now go" (id. at p. 13).

With respect to the honey-baked and honey-glazed turkey, the plaintiff could plausibly have thought of that food preparation method about last Fall when he submitted the idea to 3M, as he claims (id. at p. 3). It is delusional, however, to think that no one had conceived of that method of preparing turkeys previously. In fact, a case from 1999 involving Honey Baked Ham mentions glazed turkeys. See Honey Baked Ham v. Glickman, 172 F.3d 885, 886 n.1 (D.C. Cir. 1999).

There are also delusional allegations with respect to the contentions against the Army. Thus, the plaintiff asserts that his treatment in the Army not only caused him to lose his "dream of defending his country, [but also his] dream of becoming something such as what he was closest to, a professional Hockey player or Football player, and Entrepreneur" (id. at p. 10).

In addition, the alleged conspiracy between the diverse entities of Honey Baked Ham, the United States Army, some unidentified component of the United States, and AOL is bizarre. The plaintiff alleges that the conspirators have issued death threats to him because he has been writing to

"an extraordinarily famous celebrity" (id. at pp. 13-14). He also thinks it is likely that the conspirators will be watching him by "[a] camera through the television [set]" (id. at p. 25).

This does not exhaust the fantastic allegations in the complaint. It suffices, however, to show that the complaint should be dismissed as frivolous because it is based on delusional allegations.

The complaint is also subject to dismissal because it is patently deficient as to each of the four defendants. The claims against the United States Army and the United States must overcome the huge hurdle of sovereign immunity. The plaintiff does not even recognize that problem, much less attempt to surmount it.

The Federal Tort Claims Act ("FTCA"), of course, is a limited waiver of sovereign immunity, 28 U.S.C. 2671, et. seq., but the plaintiff has not set forth any facts even remotely suggesting that it would apply. The FTCA requires that an administrative claim be filed with the appropriate federal agency, 28 U.S.C. 2675(a), and there is no indication that such a claim has been filed with the Army or with the unidentified government agency that is involved with the alleged internet conspiracy. Moreover, the claim against the Army for the plaintiff's experience in 1992 would be barred by the two-

year limitation period. 28 U.S.C. 2401(b). It would also be foreclosed by the Feres doctrine, which precludes suit under the FTCA for injuries incident to military service, Jiminez v. United States, 158 F.3d 1228, 1229 (11th Cir. 1998), as well as by the FTCA's exclusion for intentional torts, 28 U.S.C. 2680(h), since it appears that the plaintiff is alleging intentional torts by the Army.

      The claim against the United States is not only barred by sovereign immunity, but the complaint also does not even allege a claim for relief. Thus, the complaint is devoid of any facts showing that some federal employee in some federal agency had engaged in conduct that injured the plaintiff.

      The claims against Honey Baked Ham and AOL similarly fail to state a claim for relief. There are no allegations indicating that the plaintiff has any rights, whether by patent, statute, contract or common law, to exclude Honey Baked Ham from producing seasoned turkeys or to prevent AOL from using the internet. Further, the complaint contains no allegations providing a basis for the plaintiff to receive compensation from those defendants for engaging in those activities.

III.

For these reasons, I recommend that the motion to proceed in forma pauperis be denied, and that the complaint be dismissed.

Respectfully submitted,

DATED: OCTOBER 25, 2006

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).